Peter J. Schulz, Esq., SBN 167646
pjs@gtlaw.cc
Scott A. Jalowiec, Esq., SBN 288570
saj@gtlaw.cc
GRECO TRAFICANTE SCHULZ & BRICK
600 West Broadway, Suite 960
San Diego, California 92101
Tel:  (619) 234-3660
Fax: (619) 234-0626

Attorneys for Plaintiff MAX INTERACTIVE, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAX INTERACTIVE, INC., <br><br>    Plaintiff, <br><br>    v. <br><br> DEVICEWEAR, LLC, <br><br>    Defendant. | Case No.: <br><br> **COMPLAINT FOR PATENT INFRINGEMENT** <br><br> JURY TRIAL DEMANDED |

Plaintiff MAX INTERACTIVE, INC. hereby complains against DEFENDANT DEVICEWEAR, LLC as follows:

**THE PARTIES**

1.      Plaintiff MAX INTERACTIVE, INC. ("MAX") is a California corporation with its principal place of business in Costa Mesa, California.

2.      Upon information and belief, DEFENDANT DEVICEWEAR, LLC ("DEFENDANT") is a California limited liability company with its principal place of business in Rocklin, California.  DEFENDANT makes, imports, advertises, offers to sell, and/or sells within the United States, including in the State of California and this judicial district, products incorporating MAX's patented technology and design.

**JURISDICTION AND VENUE**

3.      This action is for patent infringement arising under the patent laws of the United

States, Title 35 of the United States Code.  This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338.

4. MAX seeks declaratory relief under 28 U.S.C. §§ 2201 and 2202.

5. This Court has subject matter jurisdiction over this action under 35 U.S.C. §§ 1331, 1338, 2201, and 2202.

6. This Court has personal jurisdiction over DEFENDANT because it resides in and is domiciled in California.

7. Venue is proper in this judicial district under 28 U.S.C. § 1400(b) because it is the judicial district in which DEFENDANT resides and has committed acts of infringement and has a regular and established place of business.

## GENERAL ALLEGATIONS

8. MAX is the assignee and owner of all rights, title and interest in U.S. Design Patent No. D763,856 S ("the '856 patent"), entitled "Case for an Electronic Device."  The '856 patent was duly and legally issued on August 16, 2016, by the United States Patent and Trademark Office.  A true and correct copy of the '856 patent is attached as **Exhibit "1."**  MAX has retained all rights to enforce the '856 patent.

9. DEFENDANT does not have a license to the '856 patent and has never held such a license.

10. DEFENDANT makes, uses, advertises, offers for sale or imports products that infringe the '856 patent, including the "KeepSAFE Shell" product and any substantially similar products under any product line or item number.  The products infringe on one or more valid claims of the '856 patent as set forth in more detail below.

11. On information and belief, DEFENDANT had actual notice of the '856 patent, and its infringement of that patent, at least as early as August 16, 2016.  Nevertheless, DEFENDANT continued to infringe the '856 patent.

## FIRST CAUSE OF ACTION

### (Infringement of U.S. Design Patent No. D763,856 S)

12. MAX incorporates by reference the paragraphs above as if set forth herein.

13. The '856 patent is valid and enforceable.

14. MAX is the owner, by assignment from the inventors, of all right, title and interest in and to the '856 patent.

15. MAX invented, designed, and sells a novel and distinct product for protecting electronic devices including laptop computers called the "Case for an Electronic Device." The Case for an Electronic Device is designed according to the design claimed in the '856 patent. Images of the protected product known as "Extreme Shell for Apple Macbook" are attached hereto as **Exhibit "2."**

16. Through its website, DEFENDANT has advertised, offered for sale, sold, and/or facilitated the sale of products that infringe on the '856 patent. The product lines sold through the DEFENDANT's website include, but are not necessarily limited to, the following products:

- "KeepSAFE Shell" Snap On Dual Layer case for Macbook 11 in. – by Caseiopeia;
- "KeepSAFE Shell" Snap On Dual Layer case for Macbook 12 in. – by Caseiopeia; and
- "KeepSAFE Shell" Snap On Dual Layer case for Macbook 13 in. – by Caseiopeia.

17. DEFENDANT advertises, offers for sale, and/or facilitates the sale of its "KeepSAFE Shell" Snap On Dual Layer case infringing products on its website by providing detailed product descriptions, pricing information, and an online purchasing platform. DEFENDANT further sells or facilitates the sale of infringing products by accepting payment for these products directly from consumers. On information and belief, after receiving payment from consumers DEFENDANT either packs and ships the infringing product itself or works with a third party to pack and ship the infringing product. Images of the infringing product are attached hereto as **Exhibit "3."**

18. Through its website and using the procedures described above, DEFENDANT has advertised, offered for sale, exposed for sale, sold, and/or facilitated the sale of products that infringe the '856 patent, including but not limited to those listed in Paragraph 16.

19. An ordinary observer would conclude that the design of the infringing products is substantially similar to the design claimed in the '856 patent, because both contain slotted rows on the bottom, rounded edges at the corners, slightly raised edges, and two small stands affixed to a lever on the bottom rear.

20. DEFENDANT had actual or constructive knowledge of MAX's patent rights, knew or should have known that the advertisement, offer for sale, exposure for sale, sale, and facilitating of sale of the infringing products would induce actual infringement, and/or acted with deliberate indifference to MAX's patent rights because, *inter alia*, MAX informed DEFENDANT of the infringement.

21. DEFENDANT has infringed and continues to infringe on the '856 patent by direct infringement, contributory infringement, and/or inducing others to infringe in violation of 35 U.S.C. §§ 271 and 289, through the advertising, using, selling, offering for sale, exposing for sale, facilitating of sale, and/or importation of the infringing products.

22. As a direct result of DEFENDANT's infringement, MAX has suffered, and will continue to suffer, damages, irreparable harm, and impairment of the value of its patent rights.

23. MAX is entitled to enjoin DEFENDANT's infringing acts and to recover from it the damages sustained by MAX as a result of DEFENDANT's infringement and/or DEFENDANT's total profits as a result of its infringement, in an amount to be proven at trial.

## SECOND CAUSE OF ACTION

**(Unlawful Conduct and Fraudulent Business Practices,**

**California Business & Professions Code §§ 17200, et seq.)**

24. MAX incorporates by reference the paragraphs above as if set forth herein.

25. As alleged above, DEFENDANT has advertised, offered for sale, sold, and/or facilitated the sale of its "KeepSAFE Shell" Snap On Dual Layer case product line (Exhibit "3").

26. On information and belief, products sold under the "KeepSAFE Shell" Snap On Dual Layer case product line are a direct copy, or "knock-off," of MAX's patented case line and were intentionally copied in an effort to profit from MAX's commercial success, good will, and business reputation.

27. These actions violate section 43(a) of the Lanham Act, 15 U.S.C. section 1125(a), and therefore constitute unlawful conduct within the meaning of California Business & Professions Code § 17200.

28. These actions are also likely to deceive customers regarding the origins of the "KeepSAFE Shell" Snap On Dual Layer case product line and the connection of these products to MAX and its Extreme Shell for Apple Macbook product line (Exhibit "1"), and therefore constitute fraudulent business practices within the meaning of California Business & Professions Code § 17200.

29. As a direct and proximate result of the willful acts and conduct of DEFENDANT, MAX has been harmed and has suffered financial losses. Because each of the infringing products competes directly with MAX's Extreme Shell for Apple product line, the unlawful and unfair sale of these products has resulted in MAX's loss of sales of the Extreme Shell for Apple product line, erosion in the marketplace for laptop protective cases, and/or damages to MAX's business reputation from false customer belief that MAX is associated with the infringing products.

30. As a direct an proximate result of the willful acts and conduct of DEFENDANT, MAX has therefore been injured and will continue to suffer irreparable injury to its business and reputation unless DEFENDANT is restrained by the Court from continuing such unlawful and unfair business practices and acts of unfair competition.

31. Pursuant to California Business & Professions Code § 17203, MAX is entitled to enjoin these practices.

## **PRAYER FOR RELIEF**

WHEREFORE, MAX prays for the following relief:

1. That judgment be entered in favor of MAX that the '856 patent is infringed by DEFENDANT in violation of 35 U.S.C. §§ 271 and 289;

2. That permanent injunctions be issued pursuant to 25 U.S.C. § 283 enjoining DEFENDANT, its officers, agents, servants, employees, and all other persons acting in concert or participation with it from further infringement of the '856 patent;

3. That a permanent injunction be issued pursuant to California Business &

1  Professions Code § 17203 enjoining DEFENDANT, its officers, agents, servants, and employees,
2  and all other persons acting in concert or participation with it, from engaging in the identified (and
3  any other) acts of unfair competition underlying California Business & Professions Code § 17200;

4      4.    That MAX be awarded all compensatory, enhanced, special, and other damages,
5  with prejudgment interest, that it is entitled to under the patent statutes and Lanham Act according
6  to proof at trial;

7      5.    That this case be decreed an "exceptional case" under the patent statutes and
8  Lanham Act, and that MAX be awarded trebled damages, attorneys' fees, costs, and any other
9  remedy to which it is entitled;

10      6.    That MAX be awarded attorneys' fees and costs against DEFENDANT under
11  California Business & Professions Code § 17200; and

12      7.    That MAX be awarded such further relief as the Court deems just and proper.

14  Dated:  November 15, 2016      GRECO TRAFICANTE SCHULZ & BRICK

16        By: *s/ Peter J. Schulz*
          Peter J. Schulz, Esq.
17            Scott A. Jalowiec, Esq.
          Attorneys for Plaintiff
18            MAX INTERACTIVE, INC.

**DEMAND FOR JURY TRIAL**

Plaintiff MAX INTERACTIVE, INC. hereby demands a jury trial on all issues so triable.

Dated:  November 15, 2016          GRECO TRAFICANTE SCHULZ & BRICK


                              By: *s/ Peter J. Schulz*
                                  Peter J. Schulz, Esq.
                                  Scott A. Jalowiec, Esq.
                                  Attorneys for Plaintiff
                                  MAX INTERACTIVE, INC.